IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHILOMENE BLOCK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:19cv00023 |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY AND | § | |
| JONNATHAN SMILEY, | § | |
| | § | |
| *Defendants*. | § | |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a), Defendants The Lincoln National Life Insurance Company ("Lincoln") and Jonnathan Smiley ("Smiley") (collectively "Defendants") hereby remove the Petition filed by Plaintiff Philomene Block ("Plaintiff") in the 163rd Judicial District Court of Orange County, Texas as follows:

**FACTUAL BACKGROUND**

On December 10, 2018, Plaintiff filed an Original Petition and Petition (the "Petition") in an action entitled *Philomene Block v. The Lincoln National Life Insurance Company and Jonnathan Smiley* in the 163rd Judicial District Court of Orange County, Texas, Cause No. B180497-C (the "State Action"). True and correct copies of the materials required under Eastern District of Texas Rule CV-81 are attached hereto as Exhibits "A through H." Lincoln was served with process in the State Action on December 17, 2018, which was the first time that Defendants received, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which this action is based. As such, removal is timely under 28 U.S.C. § 1446(b). Plaintiff requested a jury in the state court action. E.D. TEX. R. CV-81(c)(4). Defendants deny that

trial by jury is available under ERISA. Defendants have not served any answer or responsive pleading to the Petition, nor made any appearance or argument before the State Court

## GROUNDS FOR REMOVAL

This action is removed to this Court pursuant to 28 U.S.C. § 1331, as this action involves claims that relate to the laws of the United States, specifically, the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, et seq. ERISA applies to any "employee benefit plan" if the plan is established or maintained by an employer or employee organization engaged in commerce or in any industry or activity affecting commerce. 29 U.S.C. § 1003. An "employee benefit plan" is defined as an employee welfare benefit plan or an employee pension benefit plan. 29 U.S.C. § 1002(3). A plan is a welfare benefit plan if it "was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, . . . benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1) (references to other types of employer-provided benefits qualifying as ERISA plans omitted) (emphasis added).

By the State Action, Plaintiff is seeking to recover disability benefits (along with other damages) from an ERISA disability benefits plan, in which she was a participant by virtue of her employment with Calabrian Corporation ("Calabrian").[1] This disability plan is an "employee welfare benefit plan" as that term is defined in 29 U.S.C. § 1002(1) of ERISA. A true and correct copy of the Group Long Term Disability Insurance Policy issued by Defendant to Plaintiff's employer, Calabrian, that insures benefits from the plan is attached hereto as Exhibit "I." The benefits sought by Plaintiff in the State Action are sought from this ERISA plan. Therefore, this plan and an action for benefits from the plan is governed by ERISA. The Court's analysis of

---

1 Petition at ¶ 10.

Plaintiff's causes of action will necessarily require interpretation of this ERISA plan. Because the preemptive force of ERISA is so powerful that it completely displaces any state law cause of action, Plaintiff's causes of action will be "recharacterized" as a federal claim under ERISA. Plaintiff's causes of action in the State Action are completely preempted by ERISA, as 29 U.S.C. § 1132 governs actions under ERISA and provides exclusive remedies for claims under an ERISA-regulated plan. *See also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41 (1987); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987). Accordingly, removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) as it is under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e).

As an alternative grounds for removal, removal to this Court is proper pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship and the amount in controversy is more than $75,000, rendering this action under the original jurisdiction of the Court pursuant to 28 U.S.C. § 1332 and removable to this Court under 28 U.S.C. § 1441. Specifically, Defendant Lincoln is incorporated in Indiana and has its principal place of business in Pennsylvania (a corporation is a citizen of the state of its incorporation and the state of its principal place of business); Defendant Smiley, as alleged in the Petition, is a resident of Georgia;[2] and Plaintiff, as alleged in the Petition, is a resident of Texas,[3] and is asserting claims in excess of $75,000[4] by her Petition.

Venue is proper in this Court under 28 U.S.C. § 1391 as this action was pending in a state court within this district and division.

---

[2] Petition at ¶ 4.
[3] Petition at ¶ 2.
[4] Petition at ¶ 5

Concurrent with the filing of this Notice of Removal, Defendants have filed a Notice of Filing of Notice of Removal with the Court in the State Action in the form attached hereto as Exhibit "H."

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers, Esq.
Texas Bar No. 16452560

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was forwarded by electronic mail and US Priority Mail, Delivery Confirmation requested, on the 16th[th] day of January 2019, to the following counsel of record:

Michael R. Ramsey
Katherine D. Ramsey
Ramsey Law
6280 Delaware Street, Ste A
Beaumont, Texas 77706
Email: ramseydocket@ramseylaw.com

/s/ Iwana Rademaekers
Iwana Rademaekers

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHILOMENE BLOCK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:19cv00023 |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY AND | § | |
| JONNATHAN SMILEY, | § | |
| | § | |
| *Defendants*. | § | |

**INDEX OF DOCUMENTS FOR REMOVAL**

Attached are the following materials required under Eastern District of Texas Rule CV-81:

| | |
|---|---|
| Exhibit A | A list of all parties in the case, their party type, and current status of the removed case. E.D. TEX. R. CV-81(c)(1). |
| Exhibit B | Civil cover sheet. E.D. TEX. R. CV-81(c)(2). |
| Exhibit C | Certified State Court Docket Sheet. E.D. TEX. R. CV-81(c)(2). |
| Exhibit D | Plaintiff's Original Petition. E.D. TEX. R. CV-81(c)(2). |
| Exhibit E | Citations. E.D. TEX. R. CV-81(c)(2). |
| Exhibit F | Proof of Service of Summons. E.D. TEX. R. CV-81(c)(2). |
| Exhibit G | Complete list of attorneys involved in the action being removed. E.D. TEX. R. CV-81(c)(3). |
| Exhibit H | State Court Notice of Filing Notice of Removal (including the name and address of the court from which the case is being removed). E.D. TEX. R. CV-81(c)(5). |
| Exhibit I | Group Long Term Disability Insurance Policy |