FILED: 12/10/2018 5:14 PM
Vickie Edgerly, District Clerk
Orange County, Texas
Reviewed By: Justin Rhodes

CAUSE NO.B180497-C

| | | |
|---|---|---|
| **PHILOMENE BLOCK** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **ORANGE COUNTY, TEXAS** |
| | § | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND JONNATHAN SMILEY** | § | |
| | § | |
| | § | 163rd **JUDICIAL DISTRICT** |

# PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Philomene Block ("**Plaintiff**"), and files this Plaintiff's Original Petition, complaining of Defendants The Lincoln National Life Insurance Company and Jonnathan Smiley (**Defendants**") and for cause of action would show the following:

## DISCOVERY

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

## PARTIES

2. Plaintiff Philomene Block is an individual residing in Orange County, Texas.

3. Defendant, The Lincoln National Life Insurance Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent, Corporation Service Company, 211 East 7th Street, Ste 620, Austin, Texas 78701, or wherever else it may be found.

4. Defendant Jonnathan Smiley is an individual who at all time material to the allegations in this Petition has done business in Texas as an adjuster. This Defendant does not reside in Texas and has not appointed an agent for service of process. Therefore, pursuant to the

EXHIBIT

D

Texas Long Arm Statute, this Defendant may be served with personal process at his residence located at 7735 Fanlight Pl, Union City, GA 30291, or wherever else he may be found.

## JURISDICTION

5. The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiff is seeking monetary relief of more than $200,000 but less than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

6. The court has jurisdiction over Defendant The Lincoln National Life Insurance Company because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's causes of action arise out of this Defendant's business activities in the state of Texas.

7. The court has jurisdiction over Defendant Jonnathan Smiley ("Adjuster") because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas.

## VENUE

8. Venue in this cause is proper in Orange County because it is the county in which all or a substantial prat of the events or omissions giving rise to the claim occurred. TEX. CIV. PRAC. & REM. CODE § 15.002

## FACTS

9. Plaintiff was employed by Calabrian Corporation for twenty-four years as a Purchasing Manager. Plaintiff became disabled due to non-small cell lung cancer and was unable to continue working in Plaintiff's occupation beyond March 22, 2016.

10. Through Plaintiff's employment with Calabrian Corporation, health insurance was provided by Blue Cross Blue Shield which ended on July 1, 2016. Coverage was continued

through Cobra until September 1, 2016. Medicare enrolled Plaintiff on July 1, 2016. Plaintiff received short term disability through her employer for six months (from 4/16 through 10/16). Long Term Disability was through Defendant, The Lincoln National Life Insurance Company (referred to herein as "**Insurance Company**"). Defendant, Jonnathan Smiley was the adjuster on the claim on behalf of Insurance Company, who was involved in all aspects of the claim and communicated with the client verbally and through correspondence.

11. On or about September 23, 2016, Plaintiff filed an initial claim for Long Term Disability benefits, which was denied by Insurance Company on November 8, 2016, stating that after review of medical documentation, Insurance Company determined that Plaintiff was not totally disabled from performing the main duties of her occupation.

12. On March 16, 2017, Plaintiff filed an appeal in response to Insurance Company's denial of Long Term Disability benefits and submitted additional information with the appeal. Again, on May 4, 2017, Insurance Company denied Long Term Disability benefits stating that after review of the additional information and medical documentation, Insurance Company determined that the information did not support that Plaintiff was unable to perform the main duties of her occupation beyond the last day worked.

13. On July 27, 2017, Plaintiff filed her second and final appeal in response to Insurance Company's determination to uphold its previous decision to deny benefits. Plaintiff's second and final appeal was again denied on November 13, 2017 when Insurance Company found Plaintiff was "no longer Totally Disabled" under the terms of the policy.

14. This unreasonable investigation resulted in the improper denial of Long Term Disability benefits to Plaintiff.

15. Insurance Company set out to deny Plaintiff's Long Term Disability benefits. The Insurance Company failed to provide benefits, thus denying adequate and sufficient payment to Plaintiff.

16. The Insurance Company's inadequate methods and investigation resulted in Plaintiff's claim being wrongfully denied. Plaintiff has suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

17. As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiff's claim for Long Term Disability benefits, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

18. Insurance Company continues to deny Plaintiff's claim for Long Term Disability. As such, Plaintiff has not been paid for her disability.

19. After receiving notice of Plaintiff's claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiff's claim, begin an investigation of Plaintiff's claim and request all information reasonably necessary to investigate Plaintiff's claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

20. Insurance Company failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

21. Insurance Company failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay. Specifically, Insurance Company has delayed

full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not yet received full payment for her claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

22. From and after the time Plaintiff's claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiff in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

23. Defendants' wrongful acts and omissions, as further detailed herein, Plaintiff was forced to retain the professional services of the attorneys and law firm who are representing her with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST ADJUSTER

24. In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 23 as if fully set forth *verbatim*.

25. Insurance Company assigned Adjuster to adjust the claim. Adjuster was improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiff's claim. During his investigation, Adjuster failed to properly assess Plaintiff's claim for Long Term Disability, which resulted in the improper denial of the claim.

26. As such, Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

27. Defendant Jonnathan Smiley is individually liable for his unfair and deceptive acts, irrespective of the fact he was acting on behalf of Insurance Company, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, ***adjustor*** or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

28. Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Adjuster's misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's claim and (2) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Adjuster's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

29. Adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

30. Adjuster failed to explain to Plaintiff the reason for his inadequate settlement. Specifically, Adjuster failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did he provide any explanation for the failure to adequately settle Plaintiff's claim. The unfair settlement practice of Adjuster, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

31. Adjuster's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

32. Adjuster did not properly evaluate the claim and did not conduct a reasonable investigation. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## CAUSES OF ACTION AGAINST THE LINCOLN NATIONAL LIFE INSURANCE COMPANY

33. In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 32 as if fully set forth *verbatim*.

34. Insurance Company is liable to Plaintiff for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

## BREACH OF CONTRACT

35. Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiff.

36. Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

37. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

38. Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair

method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

39. Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

40. Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

41. Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

42. Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**THE PROMPT PAYMENT OF CLAIMS**

43. Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

44. Insurance Company's failure to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms

that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

45. Insurance Company's failure to notify Plaintiff in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

46. Insurance Company's delay of the payment of Plaintiff's claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

**ACTS CONSTITUTING ACTING AS AGENT**

47. In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 46 as if fully set forth *verbatim.*

48. Adjuster is an agent of Insurance Company based on his acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

49. Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusting Company and Adjuster, including the completion of their duties under the common and statutory law.

**BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING**

50. In support of the causes of action set forth herein, Plaintiff's incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 49 as if fully set forth *verbatim.*

51. Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiff in her Policy.

52. Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

**KNOWLEDGE**

53. In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 52 as if fully set forth *verbatim*.

54. All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

**DAMAGES**

55. In support of the causes of action set forth herein, Plaintiff incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 54 as if fully set forth *verbatim*.

56. Plaintiff would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiff.

57. As previously mentioned, the damages have not been properly addressed and have also causing undue hardship and burden to Plaintiff. These damages are a direct result of Defendants mishandling of Plaintiff's claim in violation of the laws set forth above.

58. For breach of contract, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of her claim, together with attorneys' fees.

59. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing

conduct of the acts complained of, Plaintiff is entitled to three times her actual damages. TEX. INS. CODE §541.152.

60. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of her claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

61. For breach of common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

62. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

63. Plaintiff hereby requests that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Orange County, Texas. Plaintiff is tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

64. All conditions precedent to Plaintiff's claim for relief has been performed or has occurred.

## REQUEST FOR DISCLOSURE

65. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff has and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which she may show herself to be justly entitled.

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFF**