**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| PHILOMENE BLOCK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:19cv00023 |
| THE LINCOLN NATIONAL LIFE INSURANCE COMPANY AND JON-NATHAN SMILEY, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S ORIGINAL PETITION AND BRIEF IN SUPPORT**

Pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure, The Lincoln National Life Insurance Company ("Lincoln") and Jon-Nathan Smiley ("Smiley") (collectively "Defendants") file this Motion to Dismiss Plaintiff's Original Petition and Brief in Support.

## I.
## GROUNDS FOR MOTION

In the Plaintiff's Original Petition (hereafter, "Petition"), Plaintiff seeks recovery of disability benefits, along with claims of Texas Insurance Code violations, prompt payment of claim violations, unfair settlement practices, breach of contract, and breach of duty of good faith and fair dealing.[1] These causes of action are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., as amended ("ERISA"), as a matter of law. As further grounds for this Motion, Defendant Smiley asserts that he is not a proper defendant for a claim for recovery of benefits from the ERISA Plan at issue and should be dismissed. Accordingly, the allegations pled in the Petition in support of Plaintiff's claims, even if taken as

---

1 See Petition, at ¶¶ 19-22, 26-46, 51, 52, and 58-61.

true,[2] are insufficient to support the relief requested. Plaintiff also seeks a trial by jury,[3] which is not available under ERISA.

## II.
## ARGUMENT AND AUTHORITIES

### A. THE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for failure to state a claim upon which relief can be granted.[4] A court should dismiss a claim if it finds that the facts pled do not support a claim for relief, even assuming the allegations as pled are true.[5] Furthermore, in order to avoid dismissal, a party must plead sufficient information to outline the basis of its claim.[6] As demonstrated below, the Petition fails to meet these requirements and must be dismissed in its entirety.

Plaintiff's Petition directly refers to the disability benefits plan documents that govern the claim for disability benefits. A true and correct copy of the Group Long-Term Disability Insurance Policy No. 000010020328 (the "Policy") pertaining to the ERISA disability benefit plan (the "LTD Plan") sponsored by Plaintiff's employer, Calabrian Corporation ("Calabrian"), is attached hereto as Exhibit A and incorporated herein by reference. Although Plaintiff did not attach this document to the Petition, references are made in the Petition to the Policy and the disability plan.[7] Additionally, Plaintiff's claims are clearly predicated on the Policy and benefits plan. It is well-established that under such circumstances, Defendants may attach such

---

2 For the purposes of the Motion to Dismiss, the Court must assume the facts alleged by Plaintiff in the Petition to be true. However, Defendants do not admit the truthfulness or accuracy of any factual allegation contained in the Petition by filing this Motion and Brief or by any statement contained therein.

3 Petition at ¶ 63.

4 Fed. R. Civ. P. 12(b)(6).

5 E.g., Ledesma v. Dillard Dep't Stores, Inc., 818 F. Supp. 983, 984 (N.D. Tex. 1993).

6 Fernandez-Montez v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)(requiring a court to take factual allegations of the complaint as true, but to disregard conclusory allegations or legal conclusions masquerading as factual conclusions); Tuchman v. DSC Communications Corp., 14 F.3d 1061, 1067 (5th Cir. 1994)(holding that, in order to avoid dismissal for failure to state a claim, the Plaintiff must plead specific facts, not more conclusory allegations)(citation omitted).

7 See Petition, ¶¶ 17, 22, 29, 30, 36, 39, 51, and 59.

documents to the Motion to Dismiss and the Court may properly consider the documents in ruling on the Motion to Dismiss without conversion to summary judgment under Rule 56. Deerbrook Pavilion, LLC, v. Shalala, 235 F.3d 1100, 1102 (8th Cir. 2000); Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000); see also Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991); Cortec Industries v. Sun Holding, 949 F. 2d 42, 48 (2d Cir. 1991); Pension Benefit Guaranty Corp. v. White Consolidated Industries, 998 F.2d 1192, 1195 (3rd Cir. 1993), cert. denied, 510 U.S. 1042 (1994); Weiner v. Klais and Co., 108 F.3d 86 (6th Cir. 1997); Venture Assoc. Corp. v. Zenith Data Systems Corp., 987 F.2d 429, 431 (7th Cir. 1993); GFF Corp. v. Assoc. Wholesale Grocers, 130 F.3d 1381, 1384 (10th Cir. 1997); Brooks v. Blue Cross & Blue Shield of Florida, Inc., 116 F. 3d 1364, 1369 (11th Cir. 1997).

## B. PLAINTIFF'S STATE LAW CAUSES OF ACTION ARE PREEMPTED BY ERISA

As this Court is aware, the preemptive force of ERISA is so powerful that the Supreme Court has specifically held that it completely displaces any state law cause of action. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 64 (1987). This presumption of federal law applies even if ERISA provides no remedy for the claim sued upon. Olsen v. General Dynamics Corp., 960 F.2d 1418, 1423 (9th Cir. 1991); Cannon v. Group Health Serv. of Okla., Inc., 77 F.3d 1270, 1274 (10th Cir. 1996). ERISA preempts all state law claims that "relate to" an ERISA plan regardless of how such claims are pled. FMC Corp. v. Holiday, 49 U.S. 52, 58 (1990).

It is evident from the Plaintiff's Petition and from the Policy that the disability plan at issue is an ERISA plan.[8] Further, the only conduct of Defendants about which Plaintiff

---

[8] See Petition, at ¶ 9 and 10; Policy, Exhibit "A"; Plaintiff's allegations in the Petition and the Policy clearly establish that the disability benefits sought by Plaintiff are sought from a benefit plan "established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, . . ." 29 U.S.C. § 1002(1); Memorial Hosp. Sys. V. Northbrook Life Ins. Co., 904 F.2d 236 (5th Cir. 1990) (emphasis added).

complains in the Petition is Defendants' denial of Plaintiff's disability benefits under the LTD Plan and the administration of his claim for benefits under the LTD Plan.[9] Therefore, it is clear that the Court must refer to the Policy in assessing Plaintiff's state law causes of action. Thus, Plaintiff's causes of action directly "relate to" the disability plan and are preempted. Epps v. NCNB Texas, 7 F.3d 44, 45 (5th Cir. 1993) (ERISA preempts claims where the court must refer to the plan to determine the plaintiff's benefits).

Indeed, both the Supreme Court and the Fifth Circuit have held that ERISA preempts the state law causes of action asserted by Plaintiff. See, e.g., Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (breach of contract and fraud causes of action preempted in disability benefits context); Light v. Blue Cross and Blue Shield of Alabama, Inc., 790 F.2d 1247, 1248-49 (5th Cir. 1986) (bad faith and negligent and intentional infliction of emotional distress causes of action preempted); Metroplex Infusion Care, Inc. v. Lone Star Container Corp., 855 F. Supp. 897, 900 (N.D. Tex. 1994); Hermann Hosp. v. MEBA Medical & Benefit Plan, F.2d 1286, 1290 (5th Cir. 1988) (fraud and equitable estoppel claims preempted); Ramirez v. St. Anthony Hotel, 890 F.2d 760, 763 (5th Cir. 1989) (Texas Deceptive Trade Practices Act and Texas Insurance Code causes of action preempted); Boren v. N.L. Industries, Inc., 889 F2d 1464, 1465 (5th Cir. 1989) (Deceptive Trade Practices Act causes of action preempted in disability benefits context).

Additionally, as reflected by the Petition, Plaintiff's state law causes of action are in the nature of a complaint "asserting improper processing of a claim for benefits under an ERISA-regulated plan" and this cause of action is clearly preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 55-56 (1987) ("all suits brought by beneficiaries asserting improper processing of claims under ERISA-regulated plans [will] be treated as federal questions governed by [ERISA's civil enforcement mechanisms].") ERISA regulates employee benefit

---

[9] See Petition, ¶¶ 11-23.

plans that "through the purchase of insurance or otherwise," provide medical, surgical, or hospital care, or benefits in the event of sickness, accident, disability, or death." Pilot Life Ins. Co., 481 U.S. at 44. Accordingly, all of Plaintiff's state law causes of action in the Petition are clearly preempted by ERISA, and this Motion to Dismiss should be granted.

### C. JON-NATHAN SMILEY MUST BE DISMISSED FROM THIS ACTION BECAUSE HE IS NOT A PROPER DEFENDANT AS HE IS NOT THE PLAN ADMINISTRATOR OF THE LTD PLAN AND IS ONLY AN EMPLOYEE OF LINCOLN.

Plaintiff asserts Smiley was an agent for Calabrian as an adjustor on Plaintiff's claim for benefits from the LTD Plan under the Policy. The Policy was issued by Lincoln, and Lincoln (the entity) was the decisionmaker of Plaintiff's claim for benefits.[10] As asserted in the Petition, Smiley was an "agent" (employee) of Lincoln, and Plaintiff does not assert Smiley was the named Plan Administrator under ERSA.[11] Under ERISA, only the Plan itself or the entity making the decision (Lincoln) are proper defendants to a claim for recovery of benefits under ERISA.

> [D]istrict courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan." Johnson v. Hartford Life and Accident Ins. Co., No. H–09–56, 2009 WL 540959, [*pg. 3] (S.D. Tex. March 4, 2009) (citing Lee v. Tyco Elec. Power Sys., Inc., No. 3:04–CV–2260–D, 2006 WL 1722569, [*pg. 6] –7 (N.D. Tex. June 20, 2006); Metro Life Ins. Co. v. Palmer, 238 F.Supp.2d 831, 835 (E.D.Tex.2002); Murphy v. Wal–Mart Assoc. Group Health Plan, 928 F.Supp. 700, 709 (E.D.Tex.1996)).

Sikes v. Life Ins. Co. of N. Am., No. 08–1969, 2009 WL 4351474 , at (W.D. La. Dec. 1, 2009). (copy attached). A claims administrator, such as Lincoln in this situation, may also be a proper defendant if it has full discretion and authority to construe the plan and make benefit decisions. Chandler v. Hartford Life, 178 Fed. Appx. 365, 369 (5th Cir.2006). Smiley does not have this

10 See Petition, at ¶¶ 9-13; Policy at p. 2.
11 See Petition, ¶¶ 24-32.

discretion, as the Policy confers that responsibility upon Lincoln, itself.[12] As the Petition fails to state any claim against Smiley upon which relief may be granted, Jon-Nathan Smiley should be dismissed from this action.

### D. COMPENSATORY, STATUTORY, EXEMPLARY, AND PENALTY DAMAGES ARE NOT AVAILABLE IN THIS ACTION

It is black-letter law that Congress did not provide for compensatory or punitive damages under ERISA. Mertens v. Hewitt Associates, 508 U.S. 248 (1993); Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134 (1985); Rogers v. Hartford Life & Accident Ins. Co., 167 F.3d 933, 944 (5th Cir. 1999); Weir v. Federal Asset Disposition Assn.', 123 F.3d 281, 290 (5th Cir. 1997); *see* Godfrey v. BellSouth Telecommunications, 89 F.3d 755, 761 (11th Cir. 1996) ("a plan beneficiary can sue to enforce her rights under the plan and under ERISA, and for equitable relief, but not for punitive or compensatory damages"). As these cases establish, Plaintiff is not entitled to any form of compensatory, statutory, exemplary, penalty or other extra-contractual monetary relief over and above the recovery of any benefits that may be due under her ERISA-controlled plan. Accordingly, should the Court not dismiss Plaintiff's claims in their entirety, the Court should strike Plaintiff's demand for such relief, with prejudice.

### E. THE JURY TRIAL SOUGHT BY PLAINTIFF IS NOT AVAILABLE IN THIS ACTION

As stated above, all of Plaintiff's state law causes of action against Defendants must be dismissed and repled under ERISA 29 U.S.C. § 1132(a)(1)(B). Additionally, a trial by jury is not available under ERISA. Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980); Borst v. Chevron Corp., 36 F.3d 1308, 1323-24 (5th Cir. 1994). Accordingly, Plaintiff's demand for a jury in this action should be stricken by the Court.

---

12 Policy at p. 11. "The Company [Lincoln] will send the Insured Employee a written notice of its claim decision."

## III.
## REQUEST FOR RELIEF

Defendants request that the Court dismiss Plaintiff's Original Petition against them with prejudice; award Defendants their attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Defendants any other relief to which they show themselves justly entitled. Should the Court not dismiss Plaintiff's claims against all Defendants in their entirety, Defendants request the Court dismiss with prejudice and/or strike Plaintiff's request for a jury trial; dismiss Plaintiff's request for compensatory, statutory, exemplary and penalty damages; and grant Defendants any other relief to which they show themselves justly entitled. Further, should the Court not dismiss Plaintiff's claims against all Defendants in their entirety, Smiley requests the Court dismiss Plaintiff's Original Petition against him with prejudice; award Smiley his attorneys' fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and grant Smiley any other relief to which he shows himself justly entitled.

Dated this 23rd day of January 2019.

Respectfully submitted,

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Michael R. Ramsey
Katherine D. Ramsey
Email: ramseydocket@ramseylaw.com
Email: katherine@ramseylaw.com

| | |
|---|---|
| January 23, 2019 | /s/ Iwana Rademaekers |
| Date | Iwana Rademaekers |