RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 12/1/09
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MALINDA SIKES | CIVIL ACTION NO. 08-1969 |
| VERSUS | JUDGE ROBERT G. JAMES |
| LIFE INSURANCE COMPANY OF NORTH AMERICA | MAG. JUDGE HORNSBY |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 14] filed by Plaintiff Malinda Sikes ("Sikes"). Sikes seeks a judgment ordering Defendant Life Insurance Company of North America ("LINA") to pay her short-term and long-term disability benefits in accordance with employer-funded short-term and long-term disability benefit plans ("plans").

The motion was referred to Magistrate Judge Mark Hornsby for Report and Recommendation, which issued on October 27, 2009. [Doc. No. 27]. Based on his review, the Magistrate Judge recommended that the Court find that LINA is a proper defendant in this case, that LINA abused its discretion when it denied Sikes' claim for short-term disability benefits, and that Sikes' claim for long-term disability benefits should be remanded to LINA for consideration on the merits. The Court agrees with and ADOPTS the Magistrate Judge's characterization of the alleged facts in this case, but, for the reasons stated below, the Court ADOPTS IN PART and DECLINES TO ADOPT IN PART the Magistrate Judge's analysis and recommendation.

On November 13, 2009, LINA filed an Objection [Doc. No. 28] to the Report and Recommendation. On November 18, 2009, Sikes filed a Reply [Doc. No. 29] to LINA's Objection.

Sikes' claims for disability benefits arise under the Employee Retirement Income Security

Act, 29 U.S.C. § 1132(a)(1)(B) ("ERISA claims"). LINA contends that it is not a proper defendant to the ERISA claims because it is merely a third-party plan administrator with no financial obligation for payment of disability benefits or control over the plans themselves.[1] LINA further contends that the only proper defendant to the ERISA claims is Buffets, Inc. ("Buffets"), the employer who funded the plans, or the plans themselves.

In the Report and Recommendation, the Magistrate Judge recommended that the Court find that LINA is a proper defendant. The Magistrate Judge reasoned:

> Some cases do hold that the only proper defendant for an ERISA claim to recover benefits is the plan itself. Others allow that an administrator of the plan may be a proper defendant, and some cases allow a claim to be directed at the plan administrator but not a mere claims administrator. *See Ford v. MCI Commc'ns Corp. Health and Welfare Plan*, 399 F.3d 1076, 1081-83 (9th Cir. 2005); *Haydel v. Health Smart Benefit Solutions, Inc.*, 2009 WL 2856330 (E.D. La. 2009); and *Johnson v. Hartford Life & Accident Ins. Co.*, 2009 WL 540959 (S.D. Tex. 2009) (noting circuit split). The Fifth Circuit has not strictly followed the "sue the plan only" approach. It has, for example, permitted a claim against an employer directly when the employer was responsible for paying benefits. *See Musmeci v. Schwegmann Giant Super Mkts., Inc.*, 332 F.3d 339 (5th Cir. 2003) and *Wilson v. Kimberly-Clark Corp.*, [2007 WL 3251684] (5th Cir. 2007). The parties have not cited a controlling decision that would direct the outcome of this issue in this case.
>
> The plan in this record does not in its definitions provide a name for itself, but the name on the cover of the document is "Buffets, Inc. and its Subsidiaries Short-Term Disability Plan." The plan provides in separate provisions that it is "administered" by CIGNA (LINA) and that claims for benefits must be approved by CIGNA (LINA), after which they will be paid by the employer. It appears LINA was no mere claims manager but is also the administrator of the plan itself. It is recommended that the court find that LINA is a proper defendant with respect to the [short term disability] benefits claim. If the court disagrees and chooses to follow those decisions that have held that the only proper defendant is the plan, [Sikes] should be permitted an opportunity to amend her complaint to name the plan itself as a defendant.

---

[1]LINA's contention relies, in part, on the provisions of the short-term disability plan that is attached to LINA's Response [Doc. No. 23] to Sikes' Motion for Summary Judgment. The parties agree that the short-term disability plan was accidently excluded from the administrative record.

[Doc. No. 27].

The Court agrees that LINA is a third-party plan administrator and the plans are funded by Buffets. However, the Court finds that LINA is an improper defendant to the ERISA claims. Thus, the Court DECLINES TO ADOPT this recommendation.

"[D]istrict courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan." *Johnson v. Hartford Life and Accident Ins. Co.*, No. H-09-56, 2009 WL 540959, *3 (S.D. Tex. March 4, 2009) (citing *Lee v. Tyco Elec. Power Sys., Inc.*, No. 3:04-CV-2260-D, 2006 WL 1722569, *6-7 (N.D. Tex. June 20, 2006); *Metro Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002); *Murphy v. Wal-Mart Assoc. Group Health Plan*, 928 F. Supp. 700, 709 (E.D. Tex. 1996)). However, as in *Musmeci*, the case cited by the Magistrate Judge, the Fifth Circuit held that "where the employer was both the plan administrator and plan sponsor and the relevant plan has no meaningful existence separate from the employer, it was proper to name the employer as a defendant." *Wilson v. Kimberly-Clark Corp.*, No. 07-60289, 2007 WL 3251684, *4 (5th Cir. Nov. 5, 2007) (citing *Musmeci v. Schwegmann Giant Super Markets, Inc.*, 332 F.3d 339, 350 (5th Cir. 2003)). Neither *Musmeci* nor any other case in the Fifth Circuit has held that a third-party plan administrator that is not a plan's sponsor is a proper defendant.[2] In this case, LINA is neither the

[2]The Magistrate Judge cites *Haydel* and *Johnson* for the proposition that a plan administrator is a proper defendant. [Doc. No. 27, p. 13 (citing *Haydel v. Health Smart Benefit Solutions, Inc.*, No. 09-3032, 2009 WL 2856330 (E.D. La. Aug. 28, 2009); *Johnson v. Hartford Life & Accident Ins. Co.*, No. H-09-56, 2009 WL 540959 (S.D. Tex. Mar. 4, 2009))]. While both cases cite the law in other circuits, both decisions expressly hold that a plan administrator is not a proper defendant. *Haydel*, 2009 WL 2856330, *3 ("This Court agrees . . . that 'the Plan is the only proper party defendant in an action brought pursuant to Section 1132(a)(1)(B) for recovery of Plan benefits.'"); *Johnson*, 2009 WL 540959, *3 ("[B]ecause defendant serves only an

employer nor the plans' sponsor. The Court finds that LINA is not a proper defendant to Sikes' ERISA claims.

Sikes asserts that, even if LINA is not a proper defendant to her ERISA claims, LINA should still be held liable for breach of fiduciary duty. However, Sikes did not assert a claim for breach of fiduciary duty in her complaint. If Sikes intends to pursue such a claim against LINA, or ERISA claims against the plans or Buffets, she must amend her complaint.

For the foregoing reasons, Sikes' Motion for Summary Judgment [Doc. No. 14] is DENIED. However, the Court adopts the alternative recommendation of the Magistrate Judge and hereby grants Sikes leave to amend her complaint. The Court gives notice of its intent to *sua sponte* grant summary judgment in favor of LINA and dismiss this action unless Sikes amends her complaint within fourteen (14) calendar days of this Ruling and Order. Sikes shall file a memorandum in opposition within the same time period if she chooses not to amend her complaint and opposes a judgment that dismisses this action.

MONROE, LOUISIANA, this 1 day of December 2009.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

administrative role, and is neither the provider or insurer of the Plan, nor the Plan itself, any claim against defendant challenging the nonpayment of benefits under the ERISA-governed Plan must be dismissed.").

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| TARA JOHNSON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-09-56 |
| | § | |
| HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| *Defendant*. | § | |

**ORDER**

Pending before the court is defendant Hartford Life and Accident Insurance Company's ("Hartford") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 6. On consideration of the motion and applicable law,[1] Hartford's motion to dismiss is GRANTED and this case is DISMISSED with prejudice.

**I. BACKGROUND**

Plaintiff Tara Johnson is a bus driver who participated in her employer's short term disability insurance plan ("the Plan"). Dkt. 1, Ex. 1. The Plan sponsor and administrator is Firstgroup America, and Hartford is listed as the claim administrator. Dkt. 7, Ex. 1. The terms of the Plan provide that the claim administrator makes the initial evaluation, and the employer, who is also the plan administrator in this case, makes the final decision on appeals for denial of benefits brought by employee beneficiaries under the Plan. *Id.*

Plaintiff, who submitted a claim for benefits under the Plan when she left work due to a stress and panic disorder, alleges that defendant breached its contractual duty by refusing to pay benefits.

[1] Plaintiff has filed no response to this motion to dismiss.

Dkt. 1, Ex. 1. Accordingly, plaintiff filed suit in the Justice Court, Precinct 5, Place 1, in Harris County, Texas, alleging breach of contract for failure to pay benefits under the plan. *Id.* Defendant removed the case to the Southern District of Texas, pursuant to 28 U.S.C. §§ 1331 and 1441(a). Dkt. 1.

Defendant now moves the court to dismiss the instant case under Federal Rule of Civil Procedure 12(b)(6), alleging that the state law breach of contract claim is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). Dkt. 6. Defendant also maintains that, even if the claim was properly brought under ERISA, it is not a proper defendant because it is merely a third-party administrator. *Id.*

## II. Discussion

### A. Standard for Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court is to accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Se. Adver. & Sales Sys., Inc.*, 30 F.3d 627, 629 (5th Cir. 1994). The plaintiff is not required to plead specific facts relating to his claim to survive a 12(b)(6) motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007). However, a plaintiff's obligation to plead sufficient facts "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The plaintiff is required to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

**B. ERISA Preemption**

*1. Applicable Law*

ERISA "is a comprehensive statute designed to promote the interests of employees and their beneficiaries in employee benefit plans." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S. Ct. 478 (1990) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 90, 103 S. Ct. 2890 (1983)). ERISA places regulations on "employee welfare benefit plans," which are defined as any plans "established or maintained by an employer or by an employee organization, or by both . . . for the purpose of providing to its participants . . . benefits in the event of sickness, accident, disability, death, or unemployment . . . ." 29 U.S.C. § 1002.

To protect beneficiaries of such plans, ERISA provides for civil enforcement "to recover benefits due . . . under the terms of his plan, to enforce . . . rights under the terms of the plan, or to clarify . . . rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). This enforcement provision is the "*exclusive* vehicle for actions by ERISA-plan participants and beneficiaries asserting improper processing of a claim for benefits." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S. Ct. 1549 (1987) (emphasis added).

Congress intended for any controversies relating to covered benefit plans to be "exclusively a federal concern." *Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 523, 101 S. Ct. 1895 (1981). Accordingly, ERISA preempts all state laws that "relate to any employee benefit plan." 29 U.S.C. § 1144(a). The phrase "relates to" has been given a "broad common-sense meaning." *Rokohl v. Texaco, Inc.*, 77 F.3d 126, 129 (5th Cir. 1996) (citing *Pilot Life Ins. Co.*, 481 U.S. at 47). A state law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan." *Shaw*, 463 U.S. at 96–97. As the Fifth Circuit has explained, "[t]he ultimate question is whether, 'if the [plaintiff's] claims were stripped of their link to the pension plans, they would cease to exist.'"

*Rokohl*, 77 F.3d at 129 (quoting *Hook v. Morrison Milling Co.*, 38 F.3d 776, 784 (5th Cir. 1994)). Specifically, state common law causes of action based on improper processing of a claim for benefits under an ERISA plan are preempted. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 214, 124 S. Ct. 2488 (2004). However, the statue makes certain exceptions for claims pursuant to any state law "which regulates insurance, banking, or securities." 29 U.S.C. § 1144(b)(2)(A).

*2. Analysis*

The Plan at issue fits ERISA's definition of an "employee welfare benefit plan." It was established and maintained by plaintiff's employer, Firstgroup America. Dkt. 7, Ex. 1. Additionally, the Plan was established to provide participants with "benefits in the event of sickness, accident, disability, death or unemployment." 29 U.S.C. § 1002(1); *see* Dkt. 7, Ex. 1. Therefore, the Plan is an employee benefit plan covered by ERISA.

Plaintiff did not assert a claim against defendant under ERISA's civil enforcement provision. The asserted claim is purely a state common law claim for breach of contract based on defendant's alleged "failure to pay [plaintiff's] STD benefits." Dkt. 1, Ex. 1. Should plaintiff's claim be stripped of its connection to the Plan, the claim would cease to exist.

Additionally, the claim does not fall into any of the exceptions to ERISA preemption because plaintiff's common law breach of contract claims do not involve state laws that regulate banking, securities, or insurance. Therefore, plaintiff's state common law claim "relates to" an ERISA-governed plan and is thus preempted pursuant to 20 U.S.C. § 1144(a).

**C. The Availability of an ERISA Claim Against Hartford**

Although plaintiff's breach of contract claim is preempted by ERISA, this does not eliminate plaintiff's ability to obtain improperly denied benefits. ERISA explicitly provides participants or beneficiaries a method of civil enforcement "to recover benefits due to him under the terms of his

plan." 29 U.S.C. § 1132(a)(1)(B). However, the remedy is one for equitable relief; monetary damages are not available. *Turner v. CF&I Steel Corp.*, 770 F.2d 43, 47 (3d Cir. 1985), *cert. denied*, 474 U.S. 1058, 106 S. Ct. 800 (1986).

In seeking this relief, the threshold inquiry is whether Hartford is the proper defendant for an ERISA enforcement action if plaintiff was permitted to amend her complaint. Defendant maintains that it is not a proper defendant in the instant ERISA claim because it is merely a third-party administrator. Dkt. 6. The relevant portion of the statute, 29 U.S.C. § 1132, does not explicitly define who may be sued to enforce payment of benefits under an ERISA-governed plan, and the Fifth Circuit has yet to address this question. Other circuits that have addressed this issue are split. *Compare Riordan v. Commonwealth Edison Co.*, 128 F.3d 549, 551 (7th Cir. 1997) ("It is true that ERISA permits suits to recover benefits only against the plan as an entity"); *Gelardi v. Pertec Computer Corp.*, 761 F.2d 1323, 1325 (9th Cir. 1985) (noting that a party that performs only administrative functions is not a proper ERISA defendant); *with Layes v. Mead Corp.*, 132 F.3d 1246, 1249 (8th Cir. 1998) (citing *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) (noting that the proper defendant in an ERISA enforcement claim is the administrator of the plan)); *Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (same).

Circuits that have permitted suits against administrators, in addition to the plan as an entity, have done so based on the administrator's control over the plan and fiduciary status. *See Curcio*, 33 F.3d at 233 (determining ERISA defendant exercised sufficient discretion and control over the administration of the plan). Notwithstanding the split amongst the circuits, district courts within the Fifth Circuit have consistently held that the only proper defendant in an ERISA enforcement action is the plan itself, regardless of control over the plan. *See, e.g.*, *Lee v. Tyco Elec. Power Sys., Inc.*,

No. 3:04-CV-2260-D, 2006 WL 1722569, at *6–7 (N.D. Tex. June 20, 2006) (slip copy) (holding that defendant did not control the ERISA plan and was therefore an improper defendant); *Metro. Life Ins. Co. v. Palmer*, 238 F. Supp. 2d 831, 835 (E.D. Tex. 2002) (noting that "the only proper defendant to [an ERISA] action is the plan itself"); *Murphy v. Wal-Mart Assoc. Group Health Plan*, 928 F. Supp. 700, 709 (E.D. Tex. 1996) (citing *Kunz v. Colo. Ass'n of Soil Conservation Dist. Med. Benefits Plan*, 840 F. Supp. 811, 812 (D. Colo. 1994)) (noting that the ERISA civil enforcement "contains no provision which would entitle the plaintiff to recover from any entity other than the plan for the alleged non-payment of benefits"). Accordingly, because defendant serves only an administrative role, and is neither the provider or insurer of the Plan, nor the Plan itself, any claim against defendant challenging the nonpayment of benefits under the ERISA-governed Plan must be dismissed.

### III. Conclusion

After review of defendant's motion to dismiss pursuant to Rule 12(b)(6), the court concludes that plaintiff's claim is preempted by ERISA. Further, even if plaintiff was permitted to amend her complaint to assert a claim under 28 U.S.C. § 1132, the court finds that defendant is not a proper party to such an action. Accordingly, defendant's motion to dismiss is GRANTED, and plaintiff's claims are DISMISSED with prejudice.

It is so ORDERED.

Signed at Houston, Texas on March 4, 2009.

Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY