IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHILOMENE BLOCK, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:19cv00023 |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant*. | § | |

**ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant The Lincoln National Life Insurance Company ("Lincoln") files this Answer to Plaintiff's First Amended Complaint ("Complaint"), and states as follows:

**PARTIES**

1. Lincoln is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

2. Lincoln admits that it is not incorporated or organized under the laws of the State of Texas but is licensed to engage in the business of insurance in the State of Texas. Lincoln denies all remaining allegations contained in Paragraph 2 of the Complaint.

**JURISDICTION**

3. Lincoln admits the Court has jurisdiction over this action under the Employee Retirement Income Security Act ("ERISA"). Lincoln admits that by this action, Plaintiff is seeking recovery of benefits from an employee benefit plan as defined by ERISA, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 3 of the Complaint.

## VENUE

4. Lincoln admits that venue of this action is proper in this Court. Lincoln denies all remaining allegations contained in Paragraph 4 of the Complaint.

## FACTS

5. Lincoln admits that Plaintiff was, at certain times, employed by Calabrian Corporation ("Calabrian") as a Purchasing Agent, and that Plaintiff's last day of work at Stanford was on or about March 22, 2016. Lincoln admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the LTD Plan, but Lincoln refers to the Policy itself as the best evidence of its contents. Lincoln admits that certain documents concerning Plaintiff's medical complaints and treatments are contained in the administrative record upon which Plaintiff's claims for benefits from the LTD Plan were determined, and Lincoln refers to the administrative record itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in paragraph 5 of the Complaint.

6. Lincoln admits that Plaintiff was, at certain times, a participant in the long term disability benefits plan (the "LTD Plan"), which was sponsored by Calabrian and that the LTD Plan was, at certain times, insured, at least in part, by the Group Disability Income Policy ("Policy") that Lincoln issued to Calabrian. Upon information and belief, Lincoln admits that Plaintiff was, at certain times, a participant in, and received benefits from, a short term disability plan sponsored by Calabrian. Lincoln is without sufficient knowledge regarding any coverage that may have been provided to Plaintiff by or through Blue Cross Blue Shield, Cobra, and/or Medicare, and accordingly, Lincoln denies these and all remaining allegations contained in paragraph 6 of the Complaint.

7. Lincoln admits that Plaintiff submitted a claim for benenfits from the LTD Plan under the Policy on or about September 23, 2016. Lincoln admits it sent a letter to Plaintiff dated November 8, 2016, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 7 of the Complaint.

8. Lincoln admits that Plaintiff submitted an appeal to Lincoln dated March 16, 2017, along with additional documents, of the denial of her claim for benefits from the LTD Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits it sent a letter to Plaintiff dated May 4, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Lincoln admits that Plaintiff submitted a second level appeal to Lincoln dated July 27, 2017, along with additional documents, of the denial of her claim for benefits from the LTD Plan, and Lincoln refers to the letter and documents themselves as the best evidence of their contents. Lincoln admits it sent a letter to Plaintiff dated November 13, 2017, and Lincoln refers to the letter itself as the best evidence of its contents. Lincoln denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Lincoln admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the LTD Plan under 29 U.S.C. § 1132(a)(1)(B). Lincoln specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Lincoln denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Lincoln admits Plaintiff's claims are governed by ERISA. Lincoln admits that by this action, Plaintiff is seeking recovery of disability benefits from the LTD Plan, along with other damages and attorneys' fees, but Lincoln denies Plaintiff is entitled to any such relief or recovery. Lincoln denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. No response is required to Paragraph 12 of the Complaint, as said Paragraph makes no factual allegations but only states the relief sought by Plaintiff. To the extent a response is required, Lincoln denies Plaintiff is entitled to any remedy or relief against Lincoln whatsoever.

Lincoln denies all allegations contained in the Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to deny Plaintiff's claim for benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Lincoln is subject, in whole or in part, to an offset pursuant to the terms of the Policy, which requires offset and/or repayment of Plaintiff's receipt of other income or benefits, including but not limited to income earned by Plaintiff and the disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred to the extent the Complaint was not filed within the Policy or statutory limitations period.

6. To the extent Plaintiff alleges or seeks to allege state law claims, they are preempted by ERISA.

7. Lincoln reserves the right to assert additional defenses.

## PRAYER

Lincoln requests that the Court enter judgment that Plaintiff recover nothing by this action, that Lincoln be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Lincoln be awarded such other and further relief to which it may show itself entitled.

Dated this 7th day of February 2019.

Respectfully submitted,

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means:

Michael R. Ramsey
Katherine D. Ramsey
Email: ramseydocket@ramseylaw.com
Email: katherine@ramseylaw.com

February 7, 2019 — Date

/s/ Iwana Rademaekers
Iwana Rademaekers