IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| PHILOMENE BLOCK, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:19cv00023 |
| THE LINCOLN NATIONAL LIFE | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

**REPORT OF RULE 26(f) PLANNING MEETING**

Pursuant to the Court's Order of January 23, 2019, and Federal Rule of Civil Procedure 26(f), Plaintiff Philomene Block ("Plaintiff") and The Lincoln National Life Insurance Company ("Defendant" or "Lincoln") file this report and respectfully show the Court as follows:

**1. A factual and legal description of the case that sets forth the elements of each cause of action and each defense.**

**Plaintiff's Statement:** Plaintiff sues under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a), to recover long-term disability ("LTD") benefits under an employee welfare benefit plan established and maintained by her former employer Calabrian Corporation (the "Plan"). Through a group policy of insurance, Lincoln funds LTD benefits payable under the Plan and provides certain claims administrative services. Plaintiff acknowledges that all claims against Defendant Jonnathan Smiley have been dismissed through the filing of Plaintiff's First Amended Complaint (Doc 7) on February 4, 2019.

**Defendant's Statement:** Defendant denies that Plaintiff is entitled to any relief by this action. As Plaintiff's claim arises under ERISA, the Court must review it under the abuse of discretion standard, and the decision reached with regard to Plaintiff's claim for benefits were not an abuse of discretion. Alternatively, any recovery by Plaintiff must be reduced by other income earned or other benefits received by Plaintiff, including benefits from the Social Security Administration.

**2. The date the Rule 26(f) conference was held, the names of those persons who attended, and the parties they represented.**

A meeting was held on February 6, 2019, and at various times thereafter, and was attended by Katherine Ramsey on behalf of Plaintiff and Iwana Rademaekers on behalf of Defendant.

**3. A list of any cases related to this case pending in any state or federal court, identifying the case numbers and court along with an explanation of the status of those cases.**

None.

**4. Agreed discovery/case management plan, if an agreement can be reached, which will be used by the Court to prepare a Scheduling Order.**

The above-styled action is a claim by Plaintiff for recovery of disability benefits. Plaintiff and Defendant agree Plaintiff's claims are governed by the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. §1001, et seq. ("ERISA"). As such, the Parties believe the most cost-effective and prudent manner to resolve the litigation is to submit this action to the Court on a stipulated record and cross motions for summary judgment. To facilitate the submission of the case to the Court, the parties propose the following deadlines in lieu of the deadlines requested in the standard schedule:

| | |
|---|---|
| April 18, 2019 | NEW PARTIES shall be joined, without leave of court, by this date. |
| April 18, 2019 | The pleadings shall be AMENDED, without leave of court, by this date. |
| May 16, 2019 | Defendant shall identify and provide to Plaintiff the administrative record by this date. |
| June 16, 2019 | The Plaintiff shall provide to the Defendants any objections to the administrative record as well as the identification of any additional materials Plaintiff contends should be considered as part of the administrative record by this date. |
| July 15, 2019 | Completion of discovery. |
| July 15, 2019 | Joint Stipulated Record to be filed by the Parties by this date. |
| August 19, 2019 | Both parties shall submit cross motions for summary judgment this date. The parties may file responses and replies allowed by the court’s Local Rules. |

**5. A suggested date for the Final Status Conference.**

The parties believe that the case will be resolved through summary judgment procedure, with the joint filing of a stipulated record (see paragraph 4 above).

**6. The expected length of trial and whether it will be to a jury or the bench.**

The parties believe that the case may be resolved through summary judgment procedure, with the joint filing of a stipulated record. However, if a trial is needed, the parties will request a bench trial and estimate that 8-12 hours will be required.

**7. Whether the parties jointly consent to trial before a magistrate judge.**

Plaintiff agrees to a trial before a magistrate judge. However, an agreement by all parties could not be reached regarding consent to trial before a magistrate judge.

**8. Whether the parties request a conference with the Court pursuant to FED. R. CIV. P. 16(b) before entry of the Scheduling Order.**

The parties do not request a scheduling conference with the Court.

DATED this 6th day of March 2019.

Respectfully submitted,

By: /s/ Michael R. Ramsey (w/permission)
Michael R. Ramsey
State Bar of Texas No. 16520200
Katherine D. Ramsey
State Bar of Texas No. 24070469

RAMSEY LAW
6280 Delaware Street, Ste A
Beaumont, Texas 77706
PH: (409) 444-2020
FX: (409) 444-2021
Email: ramseydocket@ramseylaw.com

ATTORNEYS FOR PLAINTIFF

AND

By: /s/ Iwana Rademaekers
Iwana Rademaekers
State Bar of Texas No. 16452560

LAW OFFICES OF IWANA RADEMAEKERS, P.C.
14785 Preston Road, Suite 550
Dallas, Texas 75254
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEYS FOR DEFENDANT